1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**SOUTHERN DISTRICT OF CALIFORNIA**

8

9 | SAMMY L. MORRIS, CDCR #C-80345,

CASE NO. 09cv2921 JLS (WMc)

10 | Plaintiff,

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

11 | vs.

**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

12

13 | E. CONTRERAS, J.S. ROBERTS, SPENCE,

14 | Defendants.

**[Doc. No. 31]**

15

16

## I.    PROCEDURAL BACKGROUND

17

18

Plaintiff, a state prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint on December 28, 2009.  [Doc. No. 1.]  On February 8,

19

2010, the Court dismissed Plaintiff's original complaint for failure to state a claim under 28 U.S.C.

20

§ 1915(e)(2)(B) and § 1915A(b) with leave to amend.  [Doc. No.3.]  A first amended complaint was

21

filed on April 23, 2010.  [Doc. No. 6.]  On June 1, 2010, the Court dismissed Plaintiff's first amended

22

complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) with leave to

23

amend. [Doc. No. 7.]  Plaintiff filed a second amended civil rights complaint on July 19, 2010.  [Doc.

24

No. 9.]   The second amended complaint alleges Defendants violated Plaintiff's Eighth Amendment

25

right by failing to clean the ventilation system in Plaintiff's housing unit after they were informed of

26

the problem and the chief engineer of the facility confirmed the presence of contaminants in the

27

system.  [*See* Doc. No. 9 at p.3.]

28

///

1    The court received waivers of service from Defendants E. Contreras, J.S. Roberts and Spence

2    on June 10, 2011. [Doc. Nos. 28, 29 and 30.]  Defendants Contreras, Roberts and Spence filed a

3    motion to dismiss Plaintiff's Second Amended Complaint on July 5, 2011. [Doc. No. 31.]

4    This Report and Recommendation is submitted to United States District Judge Janis L.

5    Sammartino, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3 of the United States District Court

6    for the Southern District of California.  After reviewing the pleadings, parties' briefs and exhibits filed

7    in support thereof, for the reasons set forth below, the Court recommends Defendants' Motion for to

8    Dismiss be GRANTED IN PART and DENIED IN PART as discussed below.

9    **II.     ALLEGATIONS OF THE SECOND AMENDED COMPLAINT**

10   After remaining ill from a respiratory infection for "several months," Plaintiff, who was housed

11   in the Administrative Segregation Unit of the Richard R. Donovan Correctional Facility ("Donovan"),

12   filed a 602 Inmate Appeal Form on April 26, 2008 to complain of copious amounts of dust in the

13   ventilation system at his housing unit.  [*See* Second Amended Complaint ("SAC") at pp. 3, 8.]

14   Plaintiff alleges he was informed by prison physicians that his respiratory infection "was due to

15   infectious airborne material circulated by the air ventilation ducts" in his housing unit.  *Id.* at p. 3.  In

16   his 602 form, Plaintiff noted "the dust is clearly visable [sic] for the eye to see - I have personally

17   witness [sic] one of the law library staff and c/o Adonio wearing face mask for protection."  *Id.* at p.8.

18   In response to the issues raised in his 602 form, Plaintiff was interviewed on July 8, 2008, by

19   Defendant Edwards, chief engineer at Donovan.  *Id.* at pp. 3, 11.  Sometime after the interview with

20   Defendant Edwards, Plaintiff received a copy of a memorandum dated October 21, 2008, which was

21   authored by Defendant Edwards and sent to the attention of chief deputy warden, Defendant

22   Contreras.  *Id.* at pp. 3, 17.  The memorandum stated "there is evidence of harmful contaminents [sic]"

23   and set forth a three-step process for cleaning pipes and ducts which was to begin on October 27,

24   2008.  *Id.*  Plaintiff alleges the three-part cleaning plan was not undertaken, causing Plaintiff's

25   respiratory problems to worsen. *Id.* at p.3.  Plaintiff further alleges the chief deputy warden was aware

26   of his medical need as well as the unsafe condition of his housing unit and library facilities through

27   the memorandum from "the chief engineer informing the warden"; however nothing was done.  *Id.*

28   at pp. 3, 17.

1    **III.    STANDARD UNDER FED. R. CIV. P. 12(b)(6)**

2         A motion to dismiss for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil

3    Procedure, "tests the legal sufficiency of a claim," focusing on the "sufficiency" of a claim statement

4    rather than on the claim's substantive merits. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

5    Therefore, courts normally "look only at the face of the complaint to decide" the motion. *Van Buskirk*

6    *v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, material which is properly

7    submitted as part of the complaint may be considered on a motion to dismiss. *Lewis v. Ollison*, 571

8    F. Supp. 2d 1162, 1169 (C.D. Cal. 2008); *see also Branch v. Tunnell*, 14 3d . 449, 453-54 (9th Cir.

9    1994) ("[W]e hold that documents whose contents are alleged in a complaint and whose authenticity

10   no party questions ... may be considered in ruling on a Rule 12(b)(6) motion to dismiss."). A Rule

11   12(b)(6) dismissal may be based on either a "lack of a cognizable legal theory" or "the absence of

12   sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d

13   696, 699 (9th Cir. 1990).

14        "While legal conclusions can provide the framework of a complaint, they must be supported

15   by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1950 (2009). In reviewing

16   a complaint for Rule 12(b)(6) dismissal purposes, courts accept allegations of material fact as true and

17   construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*,

18   80 F.3d 336, 337-38 (9th Cir. 1996). Factual allegations asserted by *pro se* petitioners, "however

19   inartfully pleaded," are held "to less stringent standards" than formal pleadings drafted by lawyers.

20   *Haines v. Kerner*, 404 U.S. 519-20 (1972); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621,

21   623 (9th Cir. 1988) ("In civil rights cases where a plaintiff appears *pro se,* the court must construe the

22   pleadings liberally and must afford plaintiff the benefit of any doubt"). Nevertheless, while "the

23   pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands

24   more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949,

25   *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (in deciding a motion to dismiss,

26   the court is "not bound to accept as true a legal conclusion couched as a factual allegation"); *see*

27   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (the court need not accept as true

28   conclusory allegations, "unwarranted deductions," or "unreasonable inferences"), *amended on other*

1  *grounds*, 275 F.3d 1187 (9th Cir. 2001).

2  Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity

3  and then decide whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1250.

4  A Rule 12(b)(6)dismissal is properly granted if a plaintiff's complaint does not contain "enough facts

5  to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial

6  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

7  inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009),

8  *citing Twombly*, 550 U.S. at 570.  "The plausibility standard is not akin to a 'probability requirement,'

9  but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.*  Pleading facts

10  that are "merely consistent with" a defendant's liability "stops short of the line between possibility

11  and plausibility of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557.  When a plaintiff

12  has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be

13  dismissed." *Twombly*, 550 U.S. at 570.  "Threadbare recitals of the elements of a cause of action,

14  supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 ("A pleading that

15  offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

16  do'") *quoting Twombly*, 550 U.S. at 555, 557 (a complaint is insufficient if it tenders "naked

17  assertions" devoid of "further factual enhancement").

18  The Court may not itself supply missing elements in a deficient claim statement.  In spite of

19  the deference courts accord to a plaintiff's factual allegations, it is improper for the court to assume

20  "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors*

21  *of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Nor must the

22  court "accept as true allegations that contradict matters properly subject to judicial notice or by

23  exhibit." *Sprewell*, 266 F.3d at 988 (citation omitted); *see also Ileto v. Glock Inc.*, 349 F.3d 1191,

24  1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast

25  in the form of factual allegations).  "In sum, for a complaint to survive a motion to dismiss, the non-

26  conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly

27  suggestive of a claim entitling the plaintiff to relief." *Moss v. United*

28  *States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009), *quoting Iqbal*, 129 S. Ct. at 1949.

1    **IV.    DEFENDANTS' ARGUMENTS IN SUPPORT OF DISMISSAL**

2          Defendants move to dismiss Plaintiff's Second Amended Complaint on the following grounds:

3    (1) Plaintiff has failed to allege Defendants Roberts and Spence knew of and disregarded a risk to

4    Plaintiff's health or were responsible for completing the cleaning plan detailed in the October 21, 2008

5    memorandum; and (2) Plaintiff has failed to allege Defendant Contreras knew of and disregarded a

6    risk to Plaintiff's health or was responsible for ensuring the scheduled cleaning was done.  [*See* Def.

7    Mtn. to Dismiss at Doc. No. 31-1 at pp.  4-5.]

8    **V.      DISCUSSION**

9          **1.      Legal Standard for Deliberate Indifference to a Serious Medical Need**

10         Prison officials violate a prisoner's Eighth Amendment right to be free from cruel and unusual

11   punishment if they are deliberately indifferent to the prisoner's serious medical needs.  *Estelle v.*

12   *Gamble*, 429 U.S. 97, 106  (1976); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989).  To

13   succeed on a deliberate indifference claim, a plaintiff must demonstrate facts sufficient to prove that

14   he has or had a serious medical need and that a particular defendant acted with deliberate indifference

15   to that need.  *See id.* at 104-05 (1976).

16         A prisoner must satisfy both objective and subjective elements to establish an Eighth

17   Amendment violation.  *Farmer v. Brennan*, 511 U.S. 825, 834-837 (1994).  To establish the subjective

18   component of a deliberate indifference claim, "an inmate must allege sufficient facts to indicate that

19   prison officials acted with a culpable state of mind."  *Wilson v.  Seiter*, 501 U.S. 294, 302 (1991).  A

20   prison official must have *actual* knowledge of an "excessive risk to inmate health and safety,"

21   possessing both the facts from which an inference of serious risk to health and safety could be drawn

22   and then drawing that inference.  *Farmer*, 511 U.S. at 837.  Even gross negligence, without more, does

23   not constitute "deliberate indifference."  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990).

24   Moreover, a mere delay in treatment does not constitute a violation of the Eighth Amendment, unless

25   the delay or denial was harmful.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404,

26   407 (9th Cir. 1985); *Hunt*, 865 F.2d at 200 ("[D]elay in providing a prisoner with dental treatment,

27   standing alone, does not constitute an Eighth Amendment violation.").

28         The court must also focus on the seriousness of the prisoner's medical needs and the nature

of the defendants' response to those needs. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. at 104. Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). The indifference to medical needs must also be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Lastly, a plaintiff must establish a causal link between the defendants' conduct and the alleged injury. Without causation, there is no deprivation of a plaintiff's constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 370-371 (1976).

### A. Defendants Roberts and Spence

Defendants contend Plaintiff has not alleged facts sufficient to demonstrate the subjective intent of Defendants Roberts and Spence. [ [*See* Def. Mtn. to Dismiss, Doc. No. 31-1 at 4:3-14.] The Court agrees. As to Defendants Roberts and Spence, Plaintiff alleges only that "[b]ecause steps were not taken immediately by the sergeant/liutentant [sic] (i.e., Spence and Roberts respectively) my respiratory problems worsened." [*See* Doc. No. 9 at p. 3.] However, Plaintiff alleges no facts to show Sergeant Spence and Lieutenant Roberts had any actual knowledge of Plaintiff's respiratory illness or the work memorandum between chief engineer Edwards and chief deputy warden Contreras. Plaintiff does not claim, for example, that Defendants Spence and Roberts were copied on the October 21, 2008 memorandum or were members of the Plant Operations department, which was slated to implement at least two steps in the three-step cleaning plan. [*See* Doc. No. 9.] In order to survive a motion to dismiss, Plaintiff's complaint must contain specific, concrete and nonconclusory allegations with evidence of unlawful intent. *Barry v. Ratelle*, 985 F.Supp. 1235,1239 (S.D. Cal. 1997). In this case, Plaintiff merely alleges inaction by Defendants without providing any facts to demonstrate Defendants had knowledge of a reason or an instruction to act. Plaintiff's allegation as to Defendants Robert and Spence is insufficient to state a claim under the Eighth Amendment. Accordingly, the

Court recommends Defendants' motion to dismiss Plaintiff's Eighth Amendment claim against Defendants Roberts and Spence be **GRANTED.**

### B. Defendant Contreras

Defendants also contend Plaintiff has not alleged facts sufficient to demonstrate the chief deputy warden knew Plaintiff was ill or deliberately disregarded the risk of harm to Plaintiff if the cleaning plan was not implemented.   [*See* Def. Mtn. to Dismiss No. 31-1 at 5:8-20.]

Here, the Court finds Plaintiff has sufficiently alleged facts to show objective and subjective intent.   Specifically, Plaintiff alleges:

> "The objective requirement was met when prison officials failed to change air filters as are required to be changed on a quarterly basis.   This is stated in the memorandum from the Chief Engineer of Plant Operations.   The subjective requirement was met when officials were informed of the situation and adequate steps were not taken promptly.   Documentation proving this is in the form of the chief engineer informing the warden of said problem."

[Doc. No. 9 at p.3.]

In addition, the October 21, 2008 memorandum which is attached to Plaintiff's SAC and to which Plaintiff refers in his SAC, is addressed *only* to Defendant Chief Deputy Warden Contreras. Therefore, it is reasonable to infer Defendant Contreras had some responsibility for the cleaning project.   Moreover, the October 21, 2008 memorandum specifically indicates: (1) it is "[i]n response to "Second Level Appeal, Morris C-80345, Log No: RJD08-0894"; (2) that "there is evidence of harmful contaminents"[sic]; and (3) "staff has been wearing dust masks."   [Doc. No. 9 at p. 17.] From this information, it is reasonable to infer Defendant Contreras was aware of a serious risk of harm to the health and safety of inmate Morris  because the memorandum indicates harmful contaminants were found which staff was attempting to avoid through the use of face masks and Plaintiff Morris was specifically named in the memorandum as being the catalyst for the proposed cleaning program.   *Id*.  Plaintiff has alleged sufficient facts to state a claim for deliberate indifference against Defendant Contreras.   Accordingly, the  Court recommends Defendants' motion to dismiss Plaintiff's Eighth Amendment claim against Defendant Contreras be **DENIED.**

///

///

///

## VI.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order **GRANTING IN PART** Defendants' motion to dismiss with respect to Defendants Roberts and Spence and **DENYING IN PART** Defendants' motion to dismiss with Respect to Defendant Contreras.

**IT IS ORDERED** that no later than **August 3, 2011** any party to this action may file a written objection with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 17, 2011**.  The parties are advised that failure to file objections within the specified time may result in a waiver of the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: July 13, 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S.District Court