1

2

3

4

5　　　　　　　　　UNITED STATES DISTRICT COURT

6　　　　　　　SOUTHERN DISTRICT OF CALIFORNIA

7

8　SAMMY L. MORRIS, CDCR #C-80345,　　　　CASE NO. 09CV2921 JLS (WMc)

9　　　　　　　　　　　　　　Plaintiff,　　**ORDER (1) ADOPTING REPORT
　　　　　　　　　　　　　　　　　　　　AND RECOMMENDATION AND
　　　　　vs.　　　　　　　　　　　　　(2) GRANTING IN PART AND**
10　　　　　　　　　　　　　　　　　　　**DENYING IN PART MOTION TO**

11　E. CONTRERAS, J. ROBERTS, and K.　　　**DISMISS**
　　SPENCE,
12　　　　　　　　　　　　　　　　　　　(ECF Nos. 31, 32)

13　　　　　　　　　　　　　　Defendants.

14

15　　　　　Presently before the Court is Defendants E. Contreras, J. Roberts, and K. Spence's motion

16　to dismiss Plaintiff Sammy L. Morris's second amended complaint.  (Mot. to Dismiss, ECF No.

17　31)  Also before the Court is Magistrate Judge McCurine's report and recommendation ("R&R")

18　recommending the Court grant in part and deny in part Defendants' motion to dismiss, (R&R, ECF

19　No. 32), and Plaintiff's "Response to Defendant's Motion to Dismiss Plaintiff Second Amended

20　Complaint," which the Court construes as an objection to the R&R, (Resp./Obj., ECF No. 33).[1]

21

22　　　　　[1] Defendants' motion to dismiss was originally set for hearing on August 19, 2011 before
　　Magistrate Judge McCurine.  Per Local Rule 7.1(e)(2), Plaintiff's opposition to Defendants' motion
23　to dismiss was therefore due August 5, 2011.  Civil Local Rule 7.1(e)(2) ("[E]ach party opposing a
　　motion . . . must file that opposition . . . not later than fourteen (14) *calendar* days prior to the noticed
24　hearing.").  Defendants' motion was taken under submission pursuant to Civil Rule 7.1(d)(1), and
　　Magistrate Judge McCurine issued an R&R on July 13, 2011.  The R&R set the date than any
25　objections to the R&R be filed as August 3, 2011.  (R&R 8, ECF No. 32)
　　　　　Subsequently, on August 3, 2011, Plaintiff filed his "Response to Defendants Motion to
26　Dismiss Plaintiff Second Amended Complaint."  (Resp./Obj., ECF No. 33)  Though titled as a
　　response in opposition to Defendants' motion, the Court will construe the pro se Plaintiff's filing as
27　an objection to the R&R given that it was filed within the specified time for objections to the R&R,
　　that it was not considered by the Magistrate Judge in issuing its recommendation to this Court, and
28　in light of the Court's duty to liberally construe a pro se plaintiff's pleadings, *see Karim-Panahi v.
　　L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights
　　cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

　　　　　　　　　　　　　　　　　　　　　　　09cv2921

1   Magistrate Judge McCurine's R&R contains a thorough and accurate recitation of the facts

2   underlying Plaintiff's 42 U.S.C. § 1983 complaint.  (R&R 2, ECF No. 32)  This Order incorporates

3   by reference the facts as set forth in the R&R.

**LEGAL STANDARD**

4

5   **1.  Review of the Report and Recommendation**

6   Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a

7   district court's duties regarding a magistrate judge's R&R.  The district court "shall make a de

8   novo determination of those portions of the report . . . to which objection is made," and "may

9   accept, reject, or modify, in whole or in part, the findings or recommendations made by the

10  magistrate judge."  28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667,

11  673–76 (1980).  However, in the absence of a timely objection, "the Court need only satisfy itself

12  that there is no clear error on the face of the record in order to accept the recommendation."  Fed.

13  R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th

14  Cir. 1974)).

15  **2.  Motion to Dismiss**

16  Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that

17  the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a

18  motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and

19  sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain

20  statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not

21  require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-

22  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal,* — US — , 129 S. Ct. 1937, 1949

23  (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a

24  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

25  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

26  *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a

27  complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal,*

28  129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

1    "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

2    accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*,

3    550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts

4    pled "allow[] the court to draw the reasonable inference that the defendant is liable for the

5    misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must

6    be probable, but there must be "more than a sheer possibility that a defendant has acted

7    unlawfully."  *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible

8    entitlement to relief.  *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept

9    as true "legal conclusions" contained in the complaint.  *Id.*  This review requires context-specific

10   analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation

11   omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

12   possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is

13   entitled to relief.'"  *Id.*  Moreover, "for a complaint to be dismissed because the allegations give

14   rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading."

15   *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

16   Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court

17   determines that the allegation of other facts consistent with the challenged pleading could not

18   possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.

19   1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

20   1986)).  In other words, where leave to amend would be futile, the Court may deny leave to

21   amend.  *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

22                                        **ANALYSIS**

23   Here, only Plaintiff has timely filed an objection to the R&R.  Thus, the Court will make a

24   de novo determination as to the portions of the R&R to which Plaintiff objects—namely, the

25   recommendation to grant the motion as to Defendants Roberts and Spence.  As to Defendant

26   Contreras, however, the Court reviews the R&R for clear error.

27   //

28   //

**1. Defendants Roberts and Spence**

Plaintiff's 42 U.S.C. § 1983 complaint alleges that Defendants Roberts and Spence violated Plaintiff's Eighth Amendment right by failing to take reasonable measures to guarantee his safety while confined at Salinas Valley State Prison by failing to clean the prison's ventilation system despite being informed of the presence of "harmful contaminants." (Second Am. Comp. 3, ECF No. 9)

*A. Summary of the R&R's Conclusions*

In recommending that the motion to dismiss be granted as to Defendants Roberts and Spence, the R&R concluded that Plaintiff "has not alleged facts sufficient to demonstrate the subjective intent of Defendants Roberts and Spence." (R&R 6, ECF No. 32) Specifically, the R&R found that "Plaintiff alleges no facts to show Sergeant Spence and Lieutenant Roberts had any actual knowledge of Plaintiff's respiratory illness or the work memorandum" directing Plaintiff's housing unit to be cleaned. (*Id.*) Thus, "Plaintiff merely alleges inaction by Defendants without providing any facts to demonstrate Defendants had knowledge of a reason or an instruction to act." (*Id.*)

*B. Objections to the R&R's Conclusions*

Plaintiff contends that he has alleged sufficient facts of Defendants Roberts's and Spence's subjective intent to withstand a motion to dismiss. (Resp./Obj. 1–2, ECF No. 33) Specifically, Plaintiff argues that both Roberts and Spence were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," (*id.* at 1), including the fact that the chief engineer met with Plaintiff to discuss the hazardous living conditions and that prison staff were wearing dust masks, (*id.* at 1–2).

*C. Analysis*

An inmate has an Eighth Amendment right to adequate physical and mental health care. *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Deliberate indifference to the serious medical needs of an inmate is not only inconsistent with the basic standards of decency but, more importantly, is antithetical to the Eighth Amendment's proscription of "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

1    A determination of deliberate indifference involves a two-step analysis consisting of both

2   objective and subjective inquiries.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  First, the

3   plaintiff must demonstrate a serious medical need such that failure to provide treatment could

4   "result in further significant injury" or "unnecessary and wanton infliction of pain."  *Jett v.*

5   *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

6   Second, the plaintiff must show that the defendant's response to the medical need was deliberately

7   indifferent.  *Id.* (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)).  Deliberate

8   indifference consists of (1) a purposeful act or failure to respond to a prisoner's pain or possible

9   medical need and (2) harm caused by the indifference.  *Id.*  Such indifference may be manifested

10   when "prison officials deny, delay[,] or intentionally interfere with medical treatment, or it may be

11   shown by the way in which prison physicians provide medical care."  *Hutchinson v. United States*,

12   838 F.2d 390, 394 (9th Cir. 1988).

13    Mere negligence in responding to and treating a medical condition, however, does not rise

14   to the standard of deliberate indifference.  *Estelle*, 429 U.S. at 106.  Instead, the plaintiff "must

15   allege sufficient facts to indicate that prison officials acted with a culpable state of mind."  *Wilson*

16   *v. Seiter*, 501 U.S. 294, 302 (1991).  This requires that a prison official "know[] of and disregard[]

17   an excessive risk to inmate health or safety; the official must both be aware of facts from which

18   the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

19   the inference."  *Farmer*, 511 U.S. at 837.

20    Here, Plaintiff's complaint is devoid of any facts tending to show that Defendants Roberts

21   and Spence had any actual knowledge of Plaintiff's medical condition or the memorandum

22   requiring cleaning of the housing unit.  Without actual knowledge, however, Defendants' inaction

23   alone is insufficient to state a claim under the Eighth Amendment.

24    In his Response/Objection, Plaintiff asserts for the first time that Defendants Robert and

25   Spence were "aware of facts from which the inference could be drawn that a substantial risk of

26   serious harm exists" in light of the fact that the informal level 602 grievance on hazardous living

27   conditions goes to the sergeant to answer—here, Sergeant Roberts—and the first level 602

28   grievance goes to the lieutenant—here, Lieutenant Spence.  (Resp./Obj. 1, ECF No. 33)

09cv2921

1   Moreover, Plaintiff argues that Defendants Roberts and Spence were aware that the chief engineer

2   met with Plaintiff to discuss his appeal regarding the hazardous living conditions, (*id.*), and that

3   prison staff were wearing dust masks, indicating that there were harmful contaminants in the

4   housing unit, (*id.* at 2).

5       Even assuming these new allegations are sufficient to demonstrate the subjective intent of

6   Defendants Roberts and Spence, however, they were not raised in Plaintiff's second amended

7   complaint and are therefore insufficient to cure the deficiencies of the complaint. *See Schneider v.*

8   *Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Nevertheless, the Court can and will

9   consider allegations raised for the first time in Plaintiff's Response/Objection in considering

10  whether to grant leave to amend.  *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citing

11  *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137–38 (9th Cir. 2001)).

12      Thus, because the allegations of the complaint are insufficient to state a claim under the

13  Eighth Amendment, the Court **ADOPTS** the R&R and **GRANTS** Defendants' motion to dismiss

14  with respect to Defendants Roberts and Spence.

15  **2. Defendant Contreras**

16      Having reviewed the portions of the R&R recommending the motion to dismiss be denied

17  and in light of the fact that Defendants have not objected, the Court finds that the R&R is

18  thorough, well reasoned, and contains no clear error.  Accordingly, the Court hereby **ADOPTS** the

19  R&R and **DENIES** Defendants' motion to dismiss with respect to Defendant Contreras.

**CONCLUSION**

21      For the reasons stated, the Court **ADOPTS** the R&R in full.  Defendants' motion to

22  dismiss is **GRANTED IN PART AND DENIED IN PART**.  The action is **DISMISSED**

23  **WITHOUT PREJUDICE** as to Defendants Roberts and Spence.  If Plaintiff wishes to file a third

24  amended complaint he **SHALL DO SO** within 45 days of the date that this Order is electronically

25  docketed.

26      **IT IS SO ORDERED**.

27  DATED:  November 8, 2011

28

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge