# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY L. MORRIS, CDCR #C-80345,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>E. CONTRERAS, J. ROBERTS, and K. SPENCE,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 09CV2921 JLS (WMc)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>(ECF Nos. 31, 32) |

Presently before the Court is Defendants E. Contreras, J. Roberts, and K. Spence's motion to dismiss Plaintiff Sammy L. Morris's second amended complaint. (Mot. to Dismiss, ECF No. 31) Also before the Court is Magistrate Judge McCurine's report and recommendation ("R&R") recommending the Court grant in part and deny in part Defendants' motion to dismiss, (R&R, ECF No. 32), and Plaintiff's "Response to Defendant's Motion to Dismiss Plaintiff Second Amended Complaint," which the Court construes as an objection to the R&R, (Resp./Obj., ECF No. 33).[1]

---

[1] Defendants' motion to dismiss was originally set for hearing on August 19, 2011 before Magistrate Judge McCurine. Per Local Rule 7.1(e)(2), Plaintiff's opposition to Defendants' motion to dismiss was therefore due August 5, 2011. Civil Local Rule 7.1(e)(2) ("[E]ach party opposing a motion . . . must file that opposition . . . not later than fourteen (14) *calendar* days prior to the noticed hearing."). Defendants' motion was taken under submission pursuant to Civil Rule 7.1(d)(1), and Magistrate Judge McCurine issued an R&R on July 13, 2011. The R&R set the date than any objections to the R&R be filed as August 3, 2011. (R&R 8, ECF No. 32)
　Subsequently, on August 3, 2011, Plaintiff filed his "Response to Defendants Motion to Dismiss Plaintiff Second Amended Complaint." (Resp./Obj., ECF No. 33) Though titled as a response in opposition to Defendants' motion, the Court will construe the pro se Plaintiff's filing as an objection to the R&R given that it was filed within the specified time for objections to the R&R, that it was not considered by the Magistrate Judge in issuing its recommendation to this Court, and in light of the Court's duty to liberally construe a pro se plaintiff's pleadings, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Magistrate Judge McCurine's R&R contains a thorough and accurate recitation of the facts underlying Plaintiff's 42 U.S.C. § 1983 complaint. (R&R 2, ECF No. 32) This Order incorporates by reference the facts as set forth in the R&R.

**LEGAL STANDARD**

**1. Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

**2. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

Here, only Plaintiff has timely filed an objection to the R&R. Thus, the Court will make a de novo determination as to the portions of the R&R to which Plaintiff objects—namely, the recommendation to grant the motion as to Defendants Roberts and Spence. As to Defendant Contreras, however, the Court reviews the R&R for clear error.

//

//

**1. Defendants Roberts and Spence**

Plaintiff's 42 U.S.C. § 1983 complaint alleges that Defendants Roberts and Spence violated Plaintiff's Eighth Amendment right by failing to take reasonable measures to guarantee his safety while confined at Salinas Valley State Prison by failing to clean the prison's ventilation system despite being informed of the presence of "harmful contaminants." (Second Am. Comp. 3, ECF No. 9)

*A. Summary of the R&R's Conclusions*

In recommending that the motion to dismiss be granted as to Defendants Roberts and Spence, the R&R concluded that Plaintiff "has not alleged facts sufficient to demonstrate the subjective intent of Defendants Roberts and Spence." (R&R 6, ECF No. 32) Specifically, the R&R found that "Plaintiff alleges no facts to show Sergeant Spence and Lieutenant Roberts had any actual knowledge of Plaintiff's respiratory illness or the work memorandum" directing Plaintiff's housing unit to be cleaned. (*Id.*) Thus, "Plaintiff merely alleges inaction by Defendants without providing any facts to demonstrate Defendants had knowledge of a reason or an instruction to act." (*Id.*)

*B. Objections to the R&R's Conclusions*

Plaintiff contends that he has alleged sufficient facts of Defendants Roberts's and Spence's subjective intent to withstand a motion to dismiss. (Resp./Obj. 1–2, ECF No. 33) Specifically, Plaintiff argues that both Roberts and Spence were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," (*id.* at 1), including the fact that the chief engineer met with Plaintiff to discuss the hazardous living conditions and that prison staff were wearing dust masks, (*id.* at 1–2).

*C. Analysis*

An inmate has an Eighth Amendment right to adequate physical and mental health care. *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Deliberate indifference to the serious medical needs of an inmate is not only inconsistent with the basic standards of decency but, more importantly, is antithetical to the Eighth Amendment's proscription of "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

A determination of deliberate indifference involves a two-step analysis consisting of both objective and subjective inquiries. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). First, the plaintiff must demonstrate a serious medical need such that failure to provide treatment could "result in further significant injury" or "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Second, the plaintiff must show that the defendant's response to the medical need was deliberately indifferent. *Id.* (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)). Deliberate indifference consists of (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. *Id.* Such indifference may be manifested when "prison officials deny, delay[,] or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

Mere negligence in responding to and treating a medical condition, however, does not rise to the standard of deliberate indifference. *Estelle*, 429 U.S. at 106. Instead, the plaintiff "must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). This requires that a prison official "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, Plaintiff's complaint is devoid of any facts tending to show that Defendants Roberts and Spence had any actual knowledge of Plaintiff's medical condition or the memorandum requiring cleaning of the housing unit. Without actual knowledge, however, Defendants' inaction alone is insufficient to state a claim under the Eighth Amendment.

In his Response/Objection, Plaintiff asserts for the first time that Defendants Robert and Spence were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" in light of the fact that the informal level 602 grievance on hazardous living conditions goes to the sergeant to answer—here, Sergeant Roberts—and the first level 602 grievance goes to the lieutenant—here, Lieutenant Spence. (Resp./Obj. 1, ECF No. 33)

1 Moreover, Plaintiff argues that Defendants Roberts and Spence were aware that the chief engineer
2 met with Plaintiff to discuss his appeal regarding the hazardous living conditions, (*id.*), and that
3 prison staff were wearing dust masks, indicating that there were harmful contaminants in the
4 housing unit, (*id.* at 2).

 Even assuming these new allegations are sufficient to demonstrate the subjective intent of Defendants Roberts and Spence, however, they were not raised in Plaintiff's second amended complaint and are therefore insufficient to cure the deficiencies of the complaint. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Nevertheless, the Court can and will consider allegations raised for the first time in Plaintiff's Response/Objection in considering whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citing *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137–38 (9th Cir. 2001)).

Thus, because the allegations of the complaint are insufficient to state a claim under the Eighth Amendment, the Court **ADOPTS** the R&R and **GRANTS** Defendants' motion to dismiss with respect to Defendants Roberts and Spence.

**2. Defendant Contreras**

Having reviewed the portions of the R&R recommending the motion to dismiss be denied and in light of the fact that Defendants have not objected, the Court finds that the R&R is thorough, well reasoned, and contains no clear error. Accordingly, the Court hereby **ADOPTS** the R&R and **DENIES** Defendants' motion to dismiss with respect to Defendant Contreras.

## CONCLUSION

For the reasons stated, the Court **ADOPTS** the R&R in full. Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The action is **DISMISSED WITHOUT PREJUDICE** as to Defendants Roberts and Spence. If Plaintiff wishes to file a third amended complaint he **SHALL DO SO** within 45 days of the date that this Order is electronically docketed.

**IT IS SO ORDERED**.

DATED: November 8, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge